IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BRIAN CAMPBELL,               )
                             )
           Plaintiff,      )
                             )
vs.                       )      Case No. 16-00671-CV-W-ODS
                             )
CITY OF CONCORDIA, et al.,    )
                             )
           Defendants.   )

ORDER (1) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS RUCKER
AND LYNN WITHOUT PREJUDICE, (2) DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT, AND (3) DENYING PLAINTIFF'S "PETITION"

## I.      SERVICE OF PROCESS

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m). In June 2016, Plaintiff initiated this matter with the filing of a motion for leave to proceed *in forma pauperis.*  On January 23, 2017, the Court granted Plaintiff's motion, and instructed the Clerk's Office to file Plaintiff's Complaint.  Doc. #13.  That same day, the Court directed Plaintiff to return completed process forms to the Clerk's Office within twenty-one days.  Doc. #13.[1]  The Court's Order was returned as undeliverable due to Plaintiff's failure to update his mailing address.  *Id.*  On March 2, 2017, the Court resent the January 23, 2017 Order to Plaintiff's new address.  Doc. #17.  Plaintiff did not respond to the Court's Order or submit completed process forms.

On March 27, 2017, the Court issued an Order directing Plaintiff to return completed process forms by April 14, 2017, or show cause why the matter should not be dismissed for failure to serve Defendants.  Doc. #18.  Plaintiff responded, stating he

---

[1] The Order informed Plaintiff that the completed process forms would be delivered to the United States Marshal for service upon Defendants.  Doc. #13, at 1.

had "already served the defendants," and had proof of service. Doc. #19. But Plaintiff did not file any documents establishing proof of service.

On April 5, 2017, the Court directed Plaintiff to file proofs of service no later than April 19, 2017. Doc. #22. On April 13, 2017, a document entitled "proof of service" was filed by Plaintiff, indicating service on Defendant City of Concordia ("the City"). Doc. #24. Plaintiff did not file proof that the Concordia Police Department, Aaron Rucker, or Jim Lynn had been properly served.

On May 1, 2017, the Court ordered Plaintiff to show cause no later than May 15, 2017, why Plaintiff's claims against the Concordia Police Department, Rucker, or Lynn should not be dismissed for failure to serve. Doc. #32. The Court informed Plaintiff that "[f]ailure to do so will result in the dismissal of Plaintiff's claims against these defendants without further notice." *Id.*

After the Court entered its May 1, 2017 Order, counsel for the Concordia Police Department entered his appearance, and the Concordia Police Department filed a motion to dismiss. Docs. #37-38. However, Plaintiff still has not filed anything establishing he served Rucker or Lynn. Although the Court has given Plaintiff the opportunity to effectuate service through the United States Marshal by providing completed service forms to the Clerk's Office as well as ample time for Plaintiff to complete service himself, Plaintiff has not established Rucker and Lynn have been served. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff's claims against Rucker and Lynn are dismissed without prejudice.

## II.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On April 27, 2017, Plaintiff filed a motion for default judgment. Doc. #28. Generally, a defendant (other than the United States or its agencies, officers, and employees) must respond to a complaint with an answer or Rule 12 motion within twenty-one day days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i), 12(a)(4). A court may enter default judgment against a defendant found to be in default for failure to plead or otherwise defend. Fed. R. Civ. P. 55.

Defendant City of Concordia is the only defendant for which Plaintiff established service. Doc. #24. Based upon the information provided to the Court, the City was

served on April 6, 2017.  *Id.*  Here, the City filed a motion to dismiss on April 21, 2017, less than twenty-one days after being served.  Doc. #25.  Accordingly, the City timely responded to Plaintiff's Complaint, and the Court denies Plaintiff's motion to enter default against the City.  Likewise, the Court declines to enter default against the Concordia Police Department because Plaintiff has not established the Concordia Police Department was properly served and failed to timely respond.

### III.     PLAINTIFF'S PETITION

On May 15, 2017, the Court received a document entitled "Petition" from Plaintiff. Doc. #41.  The Court notes Plaintiff also filed the same document with the Eighth Circuit Court of Appeals.  8th Cir. Case No. 16-3671.  It appears Plaintiff is seeking relief from Eighth Circuit, not this Court.  To the extent Plaintiff is seeking relief from this Court, the Court addresses his requests below.

First, Plaintiff asks that this matter be reopened.  Since this matter was remanded by the Eighth Circuit, it has remained open.  This Court has not closed this matter.  For this reason, this request is denied.

Second, Plaintiff asks for a change of judge.  This is the not first time Plaintiff has sought a change of judge.  *See* Docs. #20, 22.  Plaintiff, citing to "federal civil procedure," argues, among other things, the Court "seems to provide the defense for the City of Concordia," and "[t]he Defense and the judge seem to be working together." Doc. #41, at 1.  The Court is not working with or providing the defense for Defendants in this matter.  Plaintiff also states the Court is using "check envelopes with bogus name and address papers to further antagonize me."  *Id.* at 2.  It is unclear as to what Plaintiff is referring.  Orders issued by the Court are mailed to him at the address he provided to the Clerk's Office.  Plaintiff's request for a change of judge is also denied.

Third, Plaintiff states he has the following "new evidence," and therefore, the matter should be reopened.

> The evidence is a new city municipal case that is going to trial on the 7th of June.  The case number is 17 Y MU-000074.  There is evidence that The City of Concordia sent a burglar to steal the flash drive I store the court paper archives on.  There is a video in witch [sic] there is a Lafayette county officer out of his jurisdiction.  He admitted it and it was recorded and I have the video.  The response time was suspicious also.  I found the

burglar at the bar down the street after he ransacked my room. I fought him. There are many witnesses who saw the confessions and combat. For this reason I ask the case be reopened. There is a[n] element of danger.

There is also the matter of the psychological warfare that someone has done to my computer. I have a photo that shows the webpage mischief. Things like this are why I need federal intervention. I believe someone must have had access to the trails regional libraries internet server. This is the place I write most of these court papers. This is [sic] website tampered with. I will need a short time to assemble the proof and mail it to you but I do have it mostly ready.

Doc. #41, at 1-2.

There is nothing to reopen because the matter remains open. This matter has not been closed. While Plaintiff's claims against the City, Rucker, and Lynn have been dismissed, his claims against the Concordia Police Department are subject to a pending motion to dismiss. Beyond "reopening" this matter, Plaintiff does not seek alternative redress based upon this "new evidence." For these reasons, Plaintiff's "Petition" is denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Rucker and Lynn are dismissed without prejudice due to failure to serve, Plaintiff's motion for default is denied, and Plaintiff's "Petition" is denied.

Plaintiff's claims against Defendant Concordia Police Department remain pending. However, those claims are subject to a motion to dismiss. Pursuant to the Local Rules of this Court, Plaintiff's response to Concordia Police Department's motion to dismiss is due by May 24, 2017.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  May 17, 2017                    UNITED STATES DISTRICT COURT

4