IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BRIAN CAMPBELL,             )
                            )
          Plaintiff,        )
                            )
vs.                         )   Case No. 16-00671-CV-W-ODS
                            )
CONCORDIA POLICE DEPARTMENT,)
                            )
          Defendant.        )

ORDER AND OPINION (1) GRANTING DEFENDANT CONCORDIA
POLICE DEPARTMENT'S MOTION TO DISMISS, (2) DENYING PLAINTIFF'S
MOTION TO RECONSIDER, AND (3) DENYING PLAINTIFF'S MOTION
TO ORDER INVESTIGATION INTO PENDING CRIMINAL CHARGES

Pending are Defendant Concordia Police Department's ("CPD") Motion to Dismiss (Doc. #38); Plaintiff's Restatement of Claim (Doc. #43), which the Court construes as a motion to reconsider the Court's dismissal of Plaintiff's claims against the City of Concordia ("City); and Plaintiff's Reasons Against Dismissal and Motion to Order Investigation into Pending Criminal Charges (Doc. #44). For the following reasons, Defendant's motion is granted, and Plaintiff's motions are denied.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this matter with the filing of a motion for leave to proceed in forma pauperis. Doc. #1. The Court initially deferred consideration of Plaintiff's motion, finding Plaintiff's complaint did not contain sufficient facts to demonstrate it was not barred by 28 U.S.C. § 1915(e)(2)(B). Doc. #2. The Court directed Plaintiff to file an amended complaint. After considering Plaintiff's response (Doc. #3) to the Order, the Court denied Plaintiff's motion for leave to proceed in forma pauperis. Doc. #4. Plaintiff asked the Court to reconsider its decision. Doc. #6. The Court denied Plaintiff's request. Doc. #7. Plaintiff appealed the Court's decision to the Eighth Circuit Court of Appeals, which found Plaintiff's claim that he was arrested without probable cause established a basis for jurisdiction, and remanded the matter to this Court. Doc. #11-1.

On January 23, 2017, the Court granted Plaintiff's motion for leave to proceed in forma pauperis, directed the Clerk of the Court to forward appropriate process forms to Plaintiff, and instructed Plaintiff to return the completed process forms within twenty-one days. Doc. #13. The Court informed Plaintiff the completed process forms would be delivered to the United States Marshal for service upon Defendants. *Id*. The Court's Order and process forms were returned as undeliverable on February 14, 2017. Doc. #16. On March 2, 2017, the Court received a change of address from Plaintiff, and the Clerk of the Court resent the Court's January 23, 2017 Order and process forms to Plaintiff at his new address. Doc. #17. Plaintiff did not respond to the Court's Order.

On March 27, 2017, the Court ordered Plaintiff to submit completed process forms by April 14, 2017, or show cause why the matter should not be dismissed for failure to serve Defendants. Doc. #18. On April 4, 2017, Plaintiff responded, stating he "received unnecessary process forms," and had "already served the defendants." Doc. #19. Nevertheless, Plaintiff returned a completed summons for the City, which was delivered to the United States Marshal for service. Doc. #21.

On April 5, 2017, the Court directed Plaintiff to file proofs of service of the other Defendants by April 19, 2017. Doc. #22.[1] On April 13, 2017, Plaintiff filed what he titled "proof of service" for the City, which appeared to be a signed receipt for certified mail sent by Plaintiff to "Concordia City Hall." Doc. #24. Plaintiff did not file proofs of service of the other Defendants. On May 1, 2017, the Court again directed Plaintiff to file proofs of service by May 15, 2017, for the other Defendants. Doc. #32. The Court informed Plaintiff that the failure to file proofs of service "will result in the dismissal of Plaintiff's claims against these defendants without further notice." *Id*.

In the meantime, on April 21, 2017, the City filed a motion to dismiss, arguing Plaintiff failed to state a claim upon which relief could be granted. Doc. #25. Plaintiff opposed the motion. Doc. #34. On May 8, 2017, the Court granted the City's motion, finding the City could not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents. Doc. #36. The Court also determined Plaintiff did not allege the City's policies or customs inflicted injuries. Thus, Plaintiff failed to set forth a claim against the City upon which relief could be granted.

---

[1] The Court also denied Plaintiff's request for a change of judge. Docs. #20, 22.

While the City's motion to dismiss was pending, Plaintiff filed a "request for default judgment" against all defendants, which the City opposed. Docs. #28-29. In addition, shortly after the Court dismissed Plaintiff's claims against the City, Plaintiff filed a document entitled "Petition" with this Court and the Eighth Circuit asking the matter be reopened, requesting a change of judge, and stating there was "new evidence." Doc. #41. On May 17, 2017, the Court dismissed Plaintiff's claims against Rucker and Lynn because Plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure, denied Plaintiff's request for default judgment, and denied the relief sought in Plaintiff's Petition. Doc. #42. The Court also reminded Plaintiff that his claims against CPD remained pending but were subject to a motion to dismiss filed on May 10, 2017. Plaintiff was instructed to respond to the motion to dismiss by May 24, 2017, in accordance with the Court's Local Rules.

On May 19, 2017, Plaintiff filed a document entitled "Restatement of Claim." Doc. #43. The Court will liberally construe this filing as a motion to reconsider. On May 22, 2017, Plaintiff filed a document labeled "Reasons Against Dismissal" in which he asked the Court to order an investigation into pending criminal charges. Doc. #44. CPD filed a response to Plaintiff's Reasons Against Dismissal. Doc. #45. Below, the Court will address Plaintiff's Restatement of Claim, CPD's motion to dismiss, Plaintiff's Reasons Against Dismissal, and Plaintiff's request for an investigation into pending criminal charges.

## II. DISCUSSION
### A. Plaintiff's Restatement of Claim

Plaintiff filed a "Restatement of Claim" "to halt the trifling dismissal of my claim." Doc. #43, at 1. He stated the Concordia police officers "were acting under the color of law. There is no proof necessary. The judge and the defendants have no defense and have resorted to petty trifling points that are false." He claimed the City is liable under 42 U.S.C. § 1983. The Court construes Plaintiff's request as a motion to reconsider the Court's dismissal of Plaintiff's claims against the City.

As explained in the Court's Order granting the City's motion to dismiss, the City cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. Doc.

3

#36, at 2-4. Plaintiff alleged the City should be liable for the actions by and injuries caused by its employees, which is a claim based upon *respondeat superior*. Because the City could not be liable under such a theory, the Court granted the City's motion to dismiss. The Court also examined whether Plaintiff brought a claim alleging the City's policies or customs caused his injuries. *Id.* at 4. Plaintiff, however, made no such claim. As such, the Court granted the City's motion in this regard as well.

In his "Restatement of Claim," Plaintiff failed to set forth any basis for the Court to overturn its ruling on the City's motion to dismiss. Plaintiff recited section 1983, and argued constitutional infringements (i.e., unlawful stops, unwarranted searches, harassment, and intentional false arrest) occurred. But, again, Plaintiff points to nothing in his Complaint or Amended Complaint establishing a claim against the City for injuries caused by a City policy or custom. Consequently, Plaintiff's request to reconsider is denied.[2]

**B. Defendant's Motion to Dismiss and Plaintiff's Reasons Against Dismissal**

CPD seeks dismissal of Plaintiff's claims against it because a police department is not a separate suable entity. Docs. #38-39. In his Reasons Against Dismissal, Plaintiff did not address CPD's argument that it is not a suable entity. Doc. #44. Instead, Plaintiff stated the following: "Obviously the Concordia police department is liable under title 42 section 1983 of the United States code. Therefore I am entitled to financial compensation for deprivation of my civil rights." *Id.* Plaintiff also maintained the individuals involved "should be held accountable," their actions were criminal, and he wants answers. *Id.*

**(1) Standard**

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P.

---

[2] To the extent Plaintiff's Reasons Against Dismissal, discussed *infra*, also sought reconsideration of the dismissal of Plaintiff's claims against the City, the Court denies that request for the same reasons.

8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### (2) Analysis

Plaintiff alleged claims against the City, CPD, and two police officers. CPD, the sole remaining defendant, argues Plaintiff has failed to state a claim against it because it is not a suable entity. The capacity to be sued is set forth in Rule 17(b) of the Federal Rules of Civil Procedure. Relevant here, the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Several courts have held municipal departments, such as police departments, cannot be sued unless statutory authorization to be sued has been given to the departments. *See Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004) (citing *Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kan. City*, 227 S.W. 114, 116 (1920)); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (finding the West Memphis Police Department was not a suable entity); *Akins v. City of Columbia*, No. 15CV4096, 2016 WL 4126549, at *10 (W.D. Mo. Aug. 2, 2016) (stating the Columbia Police Department was not a suable entity); *Walker v. Kan. City Police Dep't*, No. 09CV583, 2010 WL 2720720, at *1 (W.D. Mo. July 6, 2010) (finding the Kansas City Missouri Police Department was not a suable entity); *Kern v. City of Gerald*, No. 08CV713, 2008 WL 4831775, at *2 (E.D. Mo. Nov. 4, 2008) (dismissing the plaintiff's claims against the police department because it was not a suable entity); *Estes v. Lederle*, No. 07CV274, 2007 WL 2693823, at *2 (E.D. Mo. Sept. 10, 2007) (finding St. Ann Police Department is not a suable entity).

Nothing in the record before the Court establishes, must less suggests, CPD is a separate legal entity amenable to suit. As such, the Court must dismiss Plaintiff's claims against CPD.

### C. Plaintiff's Request for Criminal Investigation

In his Reasons Against Dismissal, Plaintiff requested the Court order an investigation. Doc. #44. He stated the following:

> I was burglarized shortly after the case was reopened. The only thing that was stolen was the flash drive with the court papers on it. This is a much fresher situation and is deserving of immediate investigation. This shows some espionage was used. The police have never been willing to help me with these stolen movie plots and even worse are working for them.
>
> I need more than money for damages from the defendants. I want answers. It is terrible the way people withhold the truth these days. I abhor politics. I am more interested in the investigation. I want these people to leave me alone. To[o] many people are acting. I am the only real one it seems.
>
> <u>Motion to order investigation into pending criminal charges</u>
>
> I ask that the judge or anyone who reads this to find a worthy agent or officer. I have had no luck in finding someone that's trustworthy. These battles cannot continue for the rest of my life. I have been battling these people for over six years. The incident in Concordia is barely worth mentioning in the lager [sic] scope of my problems. This incident in Sedalia is more pressing.

Doc. #44, at 1. CPD opposed Plaintiff's request, arguing Plaintiff does not have a constitutional right to seek a criminal investigation. Doc. #45.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. NcNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S.*, 410 U.S. at 619; *see also Corman v. Sullivan*, No. 14CV32, 2015 WL 3676634, at *4 (D. N.D. June 12, 2005) (denying a plaintiff's request for criminal investigation and prosecution) (citation omitted). Because Plaintiff does not have a right to a criminal investigation, the Court must deny his request.

### III.     CONCLUSION

    For the foregoing reasons, the Court denies Plaintiff's request to reconsider the Court's dismissal of his claims against the City, grants CPD's motion dismiss, and denies Plaintiff's request for an investigation into pending criminal charges.  Because the Court has disposed of all of Plaintiff's claims against all Defendants, this matter is now closed.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE:  June 9, 2017                       UNITED STATES DISTRICT COURT